# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**JOEY WEBB,**

    **Defendant.**

Case No. 1:19-cr-71(14)

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Joey Webb's Third Motion for Bond Review (Doc. 408) requesting the Court to immediately release him from pretrial detention. The Court determines that it can address Webb's detention status without a hearing. For the reasons below, the Court **DENIES** Webb's Motion. (Doc. 408).

## BACKGROUND

On June 19, 2019, a grand jury returned a three-count Indictment against Webb charging him with: (1) conspiracy to possess with intent to distribute and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; (2) distribution and attempt to distribute a controlled substance in violation of 21 U.S.C. § 841; and (3) maintaining a drug-involved premises in violation of 21 U.S.C. § 856. (*See* Indictment, Doc. 1). As Webb was already serving a state sentence when the grand jury returned the Indictment, as well as when Webb was later arraigned on September 16, 2019, at his arraignment, Magistrate Judge Bowman found that the issue of detention was moot. (Doc. 190).

Two months later, though, on November 2, 2019, Webb proactively filed a Motion for Bond (Doc. 326) because his state sentence was set to expire on January 2, 2020. At that point, either the United States Marshal would retain custody over Webb, or he would be released on bond. The Court denied Webb's Motion on December 16, 2019. (Doc. 354). According to the Court, although Webb would have completed serving his state sentence by January 2, 2020, he still had an active warrant in Brown County for a traffic matter for which he had previously failed to appear, he lacked a meaningful employment history, and he had a history of substance abuse issues. (Doc. 354). Thus, the Court concluded that pretrial detention was warranted.

Nearly a month later, on January 9, 2020, this case was reassigned to the undersigned judge. (Doc. 368). Less than a month after that, on February 8, 2020, Webb filed his Second Motion for Bond (Doc. 372) asking the Court to release him from pretrial detention to home confinement with location monitoring at his parents' residence so that he can resolve for active warrant in Brown County and better monitor his diabetes. About a month and a half later, on March 27, 2020, the Government filed a Memorandum in Opposition to Webb's Motion. (Doc. 380). The Court then denied Webb's Second Motion for Bond on April 6, 2020. (Doc. 385).

Approximately a month and a half after the Court denied Webb's Second Motion, on May 26, 2020, Webb filed a Third Motion for Bond. (Doc. 408). Now Webb requests the Court to release him on bond so that he can care for his parents, as both struggle with medical issues. More specifically, Webb's mother recently began chemotherapy and underwent a heart procedure, and Webb's father is disabled. Webb

2

states that he would reside with his parents and is willing to comply with whatever supervision the Court wishes to impose.

Nearly a month after Webb had filed his Third Motion for Bond, the Government filed another Response in Opposition. (Doc. 420). In the Government's view, the Court should not release Webb on bond because, as the Court found in its previous opinions addressing Webb's Motions for Bond, Webb poses a risk of flight and danger to the community. The issue of Webb's pretrial detention is thus ripe for the Court's review.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). Only clear and convincing evidence can support a finding that the defendant is a danger to another person or the community. *Id.* § 3142(f). "The default position of the law, therefore, is that a defendant should be released pending trial." *Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "That default is modified, however, for certain, particularly dangerous defendants." *Id.* More specifically, when probable cause exists that a defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3).

For two reasons, the § 3142(e)(3) presumption applies here. First, "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant

committed the crime with which he is charged." *Stone*, 608 F.3d at 945. Second, the grand jury charged Webb with one of the offenses listed in § 3142(e)(3).

Webb's renewed request for release does not end there, however, because he can still present evidence to rebut the presumption that favors his detention. *See id.* ("section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion'"). Section 3142(g) lists factors the Court must consider in determining whether there are conditions of release that would reasonably protect the Court's interests in safeguarding the public and ensuring Webb's appearance for future judicial proceedings. 18 U.S.C. § 3142(g). Webb seeks to rebut the presumption in favor of detention here by asserting that the health conditions of his family members support his release. More specifically, Webb argues that the Court should release him on bond because, if released, he could stay at his parents' residence, where he could assist them with their serious medical needs.

While the Court is sympathetic to Webb's family hardship, § 3142(g) does not include consideration of the physical condition of a defendant's family members as a factor that the Court can consider in determining whether there are reasonably sufficient conditions of his release. *See id.* (listing elements for the Court to consider, including the defendant's "character, physical and mental condition, [and] family ties"); *see also, e.g., United States v. Blair*, No. 3:15-cr-56, 2015 WL 3486026, at *4, n.4 (E.D. Tenn. June 2, 2015) (noting that factors not listed in § 3142(g) "do not appear to be relevant to the detention inquiry"); *Fassler v. United States*, 858 F.2d

4

1016, 1018 n.4 (5th Cir. 1988) (concluding that consideration of any circumstances not listed among the factors in statute is "not relevant to the determination of whether pretrial detention is warranted[, as the statue] identifies those factors to be considered in the pretrial detention hearing"). As to the factors that the Court may consider under that statute, Webb has provided no new or different information that warrants reconsideration of the detention decision. Because Webb has not satisfied his burden of production to rebut the presumption of detention, that presumption remains in force. Accordingly, the Court determines that Webb should remain detained pending trial.

## CONCLUSION

For the reasons above, the Court finds that Webb has not carried his burden of production to rebut the presumption of detention. Accordingly, the Court **DENIES** Webb's Third Motion for Bond Review (Doc. 408).

**SO ORDERED.**

June 30, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**